Hemphill, _Ch. J.
The appellant was ordered by the District Court to be admitted to bail on entering into bond with good and sufficient sureties, and he subsequently gave a bond, which was approved by the clerk of the District Court; and the appellee now moves to dismiss the appeal, on the ground that the appellant did not enter into recognizance, as required by law. The point presented by this motion was decided in the case of Hammons v. The State, Tyler Term, 1852, (8 Tex. R.,) and it was there held that the want oí a recognizance was fatal to the appeal. In that case the question raised, we may infer from the opinion, was as to the validity of the bond, which was in the ordinary form of one given in civil cases, and it was said, in substance, that the act regulating appeals in criminal cases having required a recognizance, the law would not be satisfied by the substitution of an instrument having the form of an ordinary bond.
In the case now under consideration it is admitted that the bond i¡3 *228 not a compliance with the law; hut it is contended that the right to prosecute the appeal does not depend upon the giving' oí the recognizance, blit upon the notice or taking of the appeal, and that by such act alone the, appeal is perfected. That this position cannot be maintained will appear by reference to the provisions of the law and the Constitution securing and regulating the right of appeal in criminal cases. The fourth section of the act of May 18th, 184.G, declares, in substance, that the defendant on appeal, in all cases not capital, shall enter into recognizance, with sufficient security in such sum as the District Court may require, conditioned that the defendant shall appear at the next term of the District Court, and from term to term thereafter, to abide whatever judgment the Supreme Court may render, &c. The terms of this section embrace appeals in all cases not capital, and in all of them a recognizance is required. This is a condition imposed upon the right of appeal, and it must he performed; and if, in any case, the performance may be excused, it must depend upon considerations not to he deduced from the words in which this section is expressed.
The terms of the article 789, requiring an appellant in civil cases to give bond 'With sureties, arc not more peremptory than the words used in the section we have cited, and yet it has always been held that the spirit of the article must be enforced and the bond required substantially given before the appeal can be prosecuted. Under certain circumstances, appellants in civil cases are relieved from the necessity of giving bond with security to perforin the judgment, and are required only to secure the payment of costs and damages.
It is the misfortune of defendants claiming the right of appeal in criminal eases that no exception is made to the general rule: no distinction is made "between the rich and the poor — between him who iias commanding influence and popularity and the forlorn and unbefriended stranger. AH are required to give' recognizance with security in such sum as may be required.
Where the Legislature, in the exercise of legitimate authority, prescribes a uniform rule applicable to all eases, it would be hazardous r.o permit any departure from its terms, unless the deviation be more apparent than real and tile substance and spirit of the law be not infringed, but faithfully maintained and enforced. It is not to bo denied, however, that such construction may he given as will preserve the substance, although the letter may not he strictly adhered to. The article 789, for instance, requires appellants, within twenty days after the term of the court, to enter into bond, with two or more sureties, in double the amount of the debt, &c., and yet an appeal will not be dismissed on the ground of insufficiency of the bond where the appellant will immediately give one that is sufficient, nor will it he, dismissed for the want of the signature of the principal in the bond, lie being already bound by the judgment. (4 Tex. R., 149.) Tiie substance of the law is enforced, though the strict letter may be disregarded. It has been contended with great ingenuity of argument- that this doctrine is applicable to the case under consideration; -that, as the only object of a recognizance is to secure the appearance of a party, this would be effected by his commitment to custody, and that where this is done, and the purposes of a recognizance answered, the defendant’s right to appeal should not be defeated, and that we must presume, as no lawful recognizance was given in this case, that the appellant is now in custody.
It must he recollected that no departure has been permitted from the terms of the law in relation to bonds in civil case.s, except where no possible prejudice •could arise to the other party. This is" not the case where a commitment is substituted for a recognizance. Under the former the charges of custody and support must he borne by the public, from which, when the latter is given, it is relieved. But, independent of this, no provision is made for commitment in case of failure or neglect to recognize. The possibility of such failure was not ' contemplated, and no provision is made for the contingency. Where it *229 occurs no other alternative is left to the court, if the terms of the act be merely consulted, than to pronounce sentence, and any construction which would authorize the District Court, as a general rule, to defer sentence against ail appellant who has failed to recognize, and which would regard his commitment as equivalent, would he too loose to receive judicial sanction.
But there maybe cases in which the refusal of the right to appeal, unless on recognizance, would he a denial of justice. The defendant might be wholly unable to procure sureties to join in the recognizance, and the refusal of appeal, under such circumstances, would make the remedy depend not upon the right, hut upon the ability of the parly. In the first section of the act the right of appeal is granted in all criminal cases, except in eases of contempt of court; but what dot's this avail a defendant if it is accompanied with an impossible condition ? If he cannot give the recognizance as required by law, the right of appeal will be to him but'an empty sound, without, substantial benefit. But if the right were given by the statutes alone, the Legislature would have the power to interpose any conditions or restrictions upon the exercise of that right. The conditions would accompany the grant, and could form no ground of complaint. But in this State the right of appeal flows from a higher source. It is guaranteed by the Constitution. It is true that the grant of appellate jurisdiction over criminal cases is with such exceptions and under such regulations as the Legislature shall make. Whatever may be the interpretation of these words when they qualify other grants of authority, I cannot admit that, as used here, they can be so construed as to make the right of appeal dependent wholly upon the action of the Legislature. The right exists under the Constitution; and had the Legislature failed to pass any law regulating its exercise it could not, if claimed, have been denied; and if legislative action has been such as entirely to defeat the right in cases where they did not intend to make exception, by imposing conditions impossible to be performed, such legislation would contravene the spirit of the Constitution, and should not be supported, and especially where the object to be accomplished by the condition can be effectually secured in another mode, the pains and rigors of which the party is willing to encounter, in order that his right of appeal may not be lost. In all cases, then, in which the party’s inability to give the recognizance in the terms of the law is manifest, I should be disposed to hold that the District Court would have competent authority to commit the parly to custody, there to abide the judgment or decree of the Supreme Court. But in this case it is not necessary to absolutely decide this question. There is no evidence here of the inability of the party; and if such were the fact, yet we must presume from the record that he is not now in custody; and it is clear that, ho has not been discharged in virtue of a recognizance executed at the time and in the manner required bylaw; nor, in fact, upon a recognizance exee.nl ed at any time. He is clearly, then, without the pale of the provisions of the law regulating the subject-matter, whether it be construed strictly or liberally, or be so enlarged as to effectuate the guarantees of the Constitution, but in a mode which will accomplish the purposes intended by the regulations of the statute.
In imposing upon appellants the condition of recognizance, the Legislature intended to confer a benefit, and not inflict a burthen. The fact that there might be parties too feeble to grasp the advantages offered for their acceptance, escaped attention, or, doubtless, provision would have been made for cases of inability, and a committal would have been directed until recognizance was given in such sum as may be required. In the act supplementary to the act regulating appeals in criminal cases it is provided that if the defendant neglect to give recognizance the court shall commit him until recognizance be given, or until he be discharged by the duo course of the law. (Art. 572.) But this provision embraces only cases in which appeal is taken by the State. As yet it has not been extended to cases where the appeal is on behalf of the defendant.
Note 74. — Smyre w. The Stale, 40 T., 121.
There being no recognizance given in this case as required by law, it is ordered that the appeal be dismissed.
Appeal dismissed.